```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
CIRREX SYSTEMS LLC,                     :
          Plaintiff and                 :
          Counterclaim-Defendant,       :
                                        :    10 Civ. 3952 (DLC)
          -v-                           :
                                        :    OPINION & ORDER
INFRAREDX, INC.,                        :
          Defendant and                 :
          Counterclaim-Plaintiff.       :
                                        :
----------------------------------------X
```

APPEARANCES

For Plaintiff and Counterclaim-Defendant:

Richard C. Pettus
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036

For Defendant and Counterclaim-Plaintiff:

Eric Seiler
Hallie B. Levin
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, NY 10019

Joseph Hynds
Nancy Linck
Jason Shapiro
Rothwell, Figg, Ernst & Manbeck
1425 K Street N.W. Suite 800
Washington, DC 20005


DENISE COTE, District Judge:

     This is a patent infringement action brought by plaintiff

Cirrex Systems, LLC ("Cirrex") against defendant IfraReDx, Inc.

("InfraReDx").  InfraReDx has moved pursuant to 28 U.S.C. §

1404(a) to transfer this action to the District of Massachusetts.  For the following reasons, the motion is granted.

BACKGROUND

InfraReDx is a small medical device company incorporated in Delaware and located in Burlington, Massachusetts.  InfraReDx employs seventy-four employees, the vast majority of whom work at InfraReDx's sole facility in Burlington.  None of InfraReDx's employees reside in New York.  InfraReDx invented, developed, and now markets and sells a fiber-optic, catheter-based, near infrared spectroscopy system, called the LipiScan Coronary Imaging System ("LipiScan").  LipiScan is designed to analyze the composition of coronary lipid-rich plaques in patients undergoing catheterization.  Such plaques are suspected to be the cause of most sudden cardiac deaths and non-fatal heart attacks.  LipiScan is manufactured in Massachusetts and is InfraReDx's only commercial product.  Substantially all invention, design, and development of LipiScan took place in Massachusetts.  Sales of LipiScan to two New York-based customers accounted for 3.5% of InfraReDx's revenue through April 30, 2010.

Cirrex is a small limited liability company located in Alpharetta, Georgia.  It has three principals and no other

employees. On May 12, 2010, Cirrex filed a complaint against InfraReDx in the Southern District of New York, where Cirrex's counsel is located. The complaint alleges that LipiScan infringes on United States Patent Nos. 6,366,726 (the "'726 patent"), 5,953,477 (the "'477 patent"), and 6,144,791 (the "'791 patent") (collectively, the "patents-in-suit"). Cirrex's sole source of revenue is the licensing and enforcement of patents, including the patents-in-suit. The named inventors on the patents-in-suit are Michael Leonard Wach and Eric Todd Marple, who reside in Georgia and Florida, respectively. The patents-in-suit were prosecuted by W. Scott Petty, a partner in the Atlanta office of plaintiff's counsel, and Hubert J. Barnhardt III, who also has an office in Georgia. Cirrex has maintained documents concerning the patents-in-suit at its counsel's New York office for over a year because of a prior lawsuit.

On July 6, 2010, InfraReDx moved to transfer this action to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). The motion was fully submitted on August 13.

## DISCUSSION

The relevant law is well established. Section 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil

action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts have "broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).[1] The movant bears the burden of establishing, by "clear and convincing evidence," that a transfer of venue is warranted. N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010).

If the transferee court would also have jurisdiction over the case, the court must determine whether, considering the "convenience of parties and witnesses" and the "interest of justice," a transfer is appropriate. In making that determination, a court considers:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

Id. at 112. A court may also consider "the forum's familiarity with the governing law" and "trial efficiency and the interest

---

[1] The Federal Circuit has held that, in reviewing a ruling on a motion to transfer by a district court, it applies the law of the appropriate regional circuit because it is a procedural matter. See, e.g., Winner Int'l Royalty Corp. v. Wang, 202 F.3d 1340, 1352 (Fed. Cir. 2000).

of justice, based on the totality of the circumstances." <u>Berman v. Informix Corp.</u>, 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998).

A transfer of venue is clearly warranted here. There is no dispute that the District of Massachusetts would have jurisdiction over this matter, or that venue properly lies there. Thus, only the "convenience of the parties and the witnesses" and the "interest of justice" need be considered. They compel transfer to Massachusetts.

1.   Convenience of the Witnesses

Massachusetts is by far the more convenient forum for party and non-party witnesses. Resolution of this matter will require testimony concerning, among other things: (1) InfraReDx's design and development of LipiScan; (2) IfraReDx's sales, marketing, and financial information; and (3) the patents-in-suit. Virtually all of InfraReDx's potential witnesses who may be knowledgeable about the first two categories are located or work in Massachusetts. It would be inconvenient for these witnesses to have to travel hundreds of miles to New York. Furthermore, those individuals who may be knowledgeable about the patents-in-suit -- the named inventors and the prosecuting attorneys -- are located in Georgia or Florida, not New York, and will therefore have to travel regardless of whether this case is in New York or Massachusetts.

As for additional potential third-party witnesses, InfraReDx does not intend to call any witnesses located in New York.[2]  InfraReDx has identified only two potential third-party witnesses located outside Massachusetts, one of whom is in Texas, the other in Kentucky.  For its part, Cirrex has identified four physicians at Mt. Sinai School of Medicine ("Mt. Sinai") and Columbia University Medical Center ("Columbia"), who Cirrex describes as the "principal leaders" of InfraReDx's clinical trials of LipiScan in New York.  Three of these four New-York based third-party witnesses, however, are willing to testify in Massachusetts.[3]  Accordingly, this factor weighs in favor of transfer.

2.   Location of Relevant Documents

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept

---

[2] InfraReDx has customers located throughout the country, including two in New York.  InfraReDx has indicated that it does not plan to call its customers and does not believe that they have information that is not available from other witnesses or evidence in Massachusetts.

[3] InfraReDx indicates that it has been unable to contact the fourth New-York-based physician, but believes that she would also be willing to testify in Massachusetts.  InfraReDx further indicates that the testimony of this witness is likely to be redundant given that her colleague at Mt. Sinai is willing to testify in Massachusetts.

6

weighs in favor of transfer to that location." In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed. Cir. 2009); see also Fuji Photo Film Co., Ltd. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 374 (S.D.N.Y. 2006).

Like its witnesses, nearly all of InfraReDx's documents, including those related to the development, design, testing, sales, marketing, advertising and finances of LipiScan, are located at InfraReDx's sole office in Burlington, Massachusetts. Although a small percentage of InfraReDx's sales are in New York, any documents relating to these sales are also available in Massachusetts. While technology has made shipping documents easier and less expensive, retaining this action in New York would still impose additional costs on InfraReDx that they would not incur if the case were transferred to Massachusetts.

Moreover, Cirrex's maintenance of documents concerning the patents-in-suit in its counsel's New York office is insufficient to defeat transfer. See In re Hoffmann-La Roche Inc., 587 F.3d 1333, 1337 (Fed. Cir. 2009); Children's Network, LLC v. Pixfusion LLC, No. 10 Civ. 2511(DLC), -- F. Supp. 2d --, 2010 WL 2640120, at *4 (S.D.N.Y. June 30, 2010). In the normal course, Cirrex would have had to transfer its documents from Georgia to this district; the additional expense of shipping them to Massachusetts instead of New York is marginal. Accordingly, this factor weighs, however slightly, in favor of transfer.

7

3.   Convenience of Parties

Massachusetts, where substantially all of InfraReDx's sources of evidence, i.e., its employees, other witnesses, and documents concerning LipiScan, are located, is by far the more convenient forum for InfraReDx.  Maintaining this action in New York would be burdensome because it would require InfraReDx to travel away from these sources of evidence.

In contrast, Cirrex is located in Georgia, not New York, and has identified no witnesses in New York who would not be willing to travel to Massachusetts to testify.  Transferring this case to Massachusetts will not materially disadvantage Cirrex because it will already have to travel from Georgia to New York.  Further, any inconvenience to Cirrex's New York-based counsel is irrelevant.  Accordingly, this factor weighs in favor of transfer.

4.   Locus of Operative Facts

In patent cases, the locus of operative facts usually lies where either the patent-in-suit or the allegedly infringing product was designed, developed, and produced. See, e.g., Children's Network, 2010 WL 2640120, at *7; TouchTunes Music Corp. v. Rowe Int'l Corp., 676 F. Supp. 2d 169, 175 (S.D.N.Y. 2009); Fuji Photo Film, 415 F. Supp. 2d at 375.  Here, none of the critical events took place in New York.

8

InfraReDx designed, developed, and manufactures LipiScan in Massachusetts.  Further, substantially all of the inventors, designers, developers, and manufacturers -- some of whom no longer work for InfraReDx -- are located or work in Massachusetts.  The patents-in-suit, whose inventors are in Georgia and Florida, have no connection whatsoever to New York.  That Cirrex's counsel has retained documents concerning the patents-in-suit in New York because of prior litigation does not alter this fact.

Cirrex argues that this district is "a relevant locus of operative facts" because clinical trials and sales of LipiScan occurred in this district, and because InfraReDx has directed marketing activities in and toward this district.  Specifically, Cirrex points to clinical trials of LipiScan conducted at Mt. Sinai and Columbia; InfraReDx's demonstration of LipiScan and promotional activities at the "CCC Symposium" for cardiologists held in New York; and InfraReDx's sales of LipiScan in New York.

Such minimal contacts are insufficient to render New York the locus of operative facts for venue purposes.  See, e.g., Fuji Photo Film, 415 F. Supp. 2d at 375.  First, InfraReDx conducts clinical trials throughout the country; New York patients account for less than 10% of all trial participants.  Further, the vast majority of clinical trials are managed, at least in part, by InfraReDx in Massachusetts.  Second, InfraReDx

9

attends conferences throughout the country; its attendance at a single symposium establishes at best a minor connection to this district. Lastly, LipiScan sales to New York customers account for only 3.5% of InfraReDx's revenues. None of these activities, alone or together, is sufficient to warrant retention of this action in New York. Accordingly, this factor weighs in favor of transfer.

5. Availability of Compulsory Process

If needed, compulsory process for the vast majority of the potential third-party witnesses identified by InfraReDx, who are located in Massachusetts, would not be available if this action were retained in New York. The other third-party witnesses identified by InfraReDx, while not in Massachusetts, are also not in New York. Likewise, Cirrex's representatives, as well as the named inventors of the patents-in-suit and the prosecuting attorneys, are also not in New York. Furthermore, three of the four third-party witnesses identified by Cirrex who are in New York -- the physicians who conducted clinical trials at Mt. Sinai and Columbia -- have stated that they are willing to testify in Massachusetts. Thus, the availability of compulsory process in New York is irrelevant.

6.   Relative Means of the Parties

   The relative means of the parties is not generally a factor in suits involving corporations.  Cirrex and InfraReDx are both small companies.  Accordingly, this factor is neutral.

7.   Familiarity with Governing Law and Trial Efficiency

   Both this district and the transferee district are equally familiar with patent law.  Furthermore, despite the parties' contentions, both districts are equally capable of fairly and efficiently adjudicating this dispute in accordance with the governing law.  Accordingly, these factors are neutral.

8.   Plaintiff's Choice of Forum

   A plaintiff's choice of forum is ordinarily "a decision that is given great weight."  D.H. Blair, 462 F.3d at 107.  "The plaintiff's choice is entitled to less deference, however, where the forum is not the plaintiff's home and the cause of action did not arise in the forum."  Children's Network, 2010 WL 2640120, at *5 (citation omitted); see also Fuji Photo Film, 415 F. Supp. 2d at 376; Berman, 30 F. Supp. 2d at 659.

   Here, the balance of conveniences weighs strongly in favor of transfer and far outweighs any deference given to Cirrex's choice of forum.  This action has, at best, a tenuous connection to this district.  New York is not Cirrex's home district; the

11

accused product was not invented, developed, or manufactured here; and the patents-in-suit were not invented or prosecuted here. Cirrex has identified only four New York-based potential third-party witnesses, three of whom have agreed to testify in Massachusetts. The minimal sales, marketing activities, and clinical trials that InfraReDx conducts in New York do not outweigh the numerous and substantial connections that this action has to Massachusetts. Indeed, the only other significant connection between this action and New York is that Cirrex's counsel is located here. Cirrex's choice of forum is therefore insufficient to warrant retention of this action in New York.

## CONCLUSION

InfraReDx's July 6, 2010 motion to transfer pursuant to 28 U.S.C. § 1404(a) is granted. The Clerk of Court shall transfer this action to the District of Massachusetts.

SO ORDERED:

Dated:   New York, New York
         August 31, 2010

                                    _____
                                            DENISE COTE
                                    United States District Judge